DOYLESTOWN AGRICULTURAL COMPANY *vs.* GUSTAVUS A. EWING.

1. EVIDENCE—PAROL EVIDENCE.

   In general, a written contract may not be varied by oral testimony.

2. SALES—WARRANTIES—IMPLIED WARRANTY OF FITNESS.

   Where a machine is sold for a particular use, there is an implied warranty that it is fit for that use.

3. SALES—WARRANTIES—IMPLIED WARRANTY OF FITNESS—WAIVER OF BREACH.

   Where the purchaser of a threshing machine objected to it as defective, and the seller sent one out who operated it with the purchaser, an acceptance by the purchaser at that time was a waiver of the breach.

4. SALES—WARRANTIES—IMPLIED WARRANTY OF FITNESS—OFFER OF RETURN OF GOODS.

   Where the purchaser of a threshing machine found it was not reasonably adapted to the purpose for which it was intended, and notified the seller that it would not perform the work, and declined to keep it, informing the seller that he held the machine subject to its order, he was not liable for the price.

5. TRIAL—PROVINCE OF JURY—PREPONDERANCE OF EVIDENCE.

   It is for the jury to determine the preponderance of the evidence in a civil case.

6. EVIDENCE—WEIGHT—CONFLICTING EVIDENCE—CREDIBILITY OF WITNESS.

   Where there is a conflict in the evidence, the jury should reconcile it, if possible; but, if not, it is for them to determine the weight of the evidence, taking into consideration the bias, interest, or prejudice which the witness might have.

(*February* 16, 1911.)

Judges BOYCE and CONRAD sitting.

*Robert P. Davis* and *Robert G. Houston* for plaintiff.

*Robert C. White* and *James M. Tunnell* for defendant.

Superior Court, Sussex County, February Term, 1911.

ACTION OF ASSUMPSIT on the common counts, to recover the price of a second-hand threshing machine.

At the trial the defendant was allowed to testify against objection, that before contracting for the purchase of the machine, under his letter in reply to plaintiff's letter of July 9th, 1908, he had been given to understand by correspondence, that he would be given thirty days to try and test the machine,—in explanation of his meaning of the words "at the end of thirty days you will hear from me" contained in his letter of acceptance.

CONRAD, J., charging the jury:

Gentlemen of the jury:—In this case the Doylestown Agricultural Company, the plaintiff, has brought an action of assumpsit against Gustavus A. Ewing, the defendant, for the price of a threshing machine, which the plaintiff claims to have sold and delivered to the defendant.

The contract of sale is embodied in a certain letter in evidence, dated July 9th, 1908, in which the plaintiff offers the machine to the defendant on certain terms, and on the same sheet the defendant's note in reply, accepting the machine on the terms offered.

The reply or acceptance of the defendant contained the following clause: "*At the end of thirty days I will let you hear from me.*"

The general rule of law is that a parol or written contract cannot be added to or varied by oral testimony—*i.e.*, by testimony by word of mouth. In this case the court allowed evidence on both sides to show what was meant by the above clause in the defendant's said letter—the defendant claiming that he meant by the language that after the trial of the machine for thirty days he would report to the plaintiff; the defendant holding, further, that he was entitled to test or try the machine for thirty days.

On the contrary, the plaintiff's witnesses contended that the words used were understood by them to mean that settlement for the machine was to be made in thirty days, and they denied that there was any agreement for the test or trial of the machine.

There is a general rule or principle of law governing all contracts such as this, which should govern you in this case, that where one person sells an article to another for a particular use, there is an implied agreement that the article so sold shall be fit for that purpose.

If you find that the machine was not defective in itself but was reasonably adapted to the purpose for which it was made and delivered to the defendant, and that the failure of the machine to do reasonably satisfactory work was due to the fault or incompetency of the defendant, or his agents or servants in charge of

Charge—Verdict.

the machine, or due to improper or insufficient power, when attempting to operate the machine, your verdict should be for the plaintiff.

Or if you believe that a representative of the plaintiff company visited the defendant upon complaint that the machine was not satisfactory, and that the defendant received instructions from such representative and that they operated the machine together at the time, and that the defendant was then and there satisfied with the machine and accepted it as being satisfactory, your verdict should be for the plaintiff.

On the other hand, if you should find that the machine was in itself defective and not reasonably adapted to the purpose for which it was made and delivered to the defendant, and that the defendant on discovering the defect by the use of the machine in a few days after receiving it, notified the plaintiff that the machine was defective and would not perform the work for which it was intended, and that he declined to keep the machine and informed the plaintiff that he held the machine subject to its order, your verdict should be for the defendant.

You, gentlemen of the jury, are to determine this case on the weight or preponderance of the evidence.   You are to weigh and consider all the evidence in the case and determine on which side of the case the evidence weighs most heavily, giving the verdict to that side.

If there is a conflict of testimony you must reconcile it if you can, but if you cannot do that you are to give credit to that testimony which to your minds is most worthy of credit, taking into consideration the bias, interest, or prejudice which the witness or witnesses may have in the issues involved in the case.

The case is left with you for your decision.

Verdict for defendant.